Marsha L. Stephenson, Esq.
Nevada Bar No. 6130
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite 19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile:  (702) 474-7237
*admin@sdlawoffice.net*

Attorneys for Plaintiff
COLONY INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COLORADO CASUALTY INSURANCE COMPANY; DOES 1-10 and ROE CORPORATIONS 1-10, inclusive<br><br>Defendants. | Case No. 2:12-cv-1727<br><br><br>**COMPLAINT** |

Plaintiff COLONY INSURANCE COMPANY ("Colony"), for its Complaint against COLORADO CASUALTY INSURANCE COMPANY ("Colorado Casualty"), states as follows:

1. At all relevant times, Plaintiff Colony was and is a business entity, engaged in the business of insurance, and was and is duly licensed and conducting business in the State of Nevada.

2. On information and belief, Plaintiff Colony alleges that Defendant, Colorado Casualty, was and is at all times relevant hereto, a business entity, engaged in the business of insurance, and was and is duly licensed and conducting business in the state of Nevada.

3. On information and belief, Plaintiff Colony alleges that Defendant Colorado Casualty maintains its corporate office and regularly conducts its insurance business through its offices in Centennial, Colorado.

4. That the Defendants named as DOES 1-10 and ROE CORPORATIONS 1-10 inclusive, are fictitious names; that Plaintiff is without knowledge of the true names of those so designated by such fictitious names, and when the true names are discovered, Plaintiff will ask leave to amend this Complaint and proceedings herein to substitute the true names of said Defendants. Plaintiff believes that each of the Defendants designated herein as a DOE or ROE was negligent, responsible, or otherwise vicariously liable in some manner for the events herein referred.

5. This Court has jurisdiction in this case pursuant to 2 U.S.C. 1332, which grants the United States District Courts jurisdiction over civil actions brought between citizens of different states in matters of civil dispute involving more than $75,000.

6. Venue is proper in that the incident from which this dispute arose, occurred in this district.

7. Colorado Casualty issued to All Temp Air Conditioning and Heating, Inc. ("All Temp"), of Clark County, Nevada an automobile liability insurance policy, number CPP2705273-01, covering the period from September 13, 2006 to September 13, 2007. The policy provides limits in the amount of $1,000,000 combined bodily injury and property for each accident.

8. Colony issued to All Temp an umbrella liability policy, number UM 160585, covering the period from September 13, 2006 to September 13, 2007. The policy provides limits of $1,000,000 per occurrence and $1,000,000 aggregate (except with respect to "covered autos"), all subject to a $10,000 self-insured retention. The Colony policy is excess over the Colorado Casualty automobile liability policy.

9. On May 13, 2007, a vehicle owned by Davey Ingram, and driven by All Temp employee Jack Hodges ("Hodges"), collided with a vehicle driven by Jose Bustillos ("Bustillos") at the intersection of Nellis Boulevard and Cleveland Avenue in Las Vegas, Nevada (the "accident"). On or about August 22, 2007, counsel for Bustillos provided notice of the accident to Colorado Casualty, and indicated in the notice that Bustillos had significant injuries to his spine.

10. On March 4, 2009, almost two years post-accident, Bustillos and his wife Zulema Beltran (sometimes referred to herein collectively as "the claimants") sent a letter to Colorado Casualty demanding the company's policy limits in settlement of their claim. Colorado Casualty

rejected the policy limits demand on March 27, 2009. Although Colorado Casualty notified All Temp, its insured, of the policy limits demand, it did not inform it that it had rejected the demand.

11.   Consequently, on April 24, 2009, the claimants filed a complaint against Hodges, Ingram and All Temp in the District Court, Clark County, Nevada, Case No. A588772. The claimants alleged in their complaint that on May 13, 2007, Hodges was operating Ingram's 1996 Chevy Truck carelessly and negligently so as to cause the truck to collide with Bustillos' vehicle. The claimants stated that Hodges was negligent and careless in failing to keep the truck under proper control, in operating the truck without due caution for the rights of Bustillos, in failing to keep a proper lookout for Bustillos' vehicle and in violating certain state and local statutes, rules, regulations, codes and ordinances. The claimants further asserted that Ingram and All Temp were negligent and careless by failing to maintain the truck in a safe manner, by having negligently entrusted the truck to Hodges and by violating certain state and local rules, regulations, codes and ordinances.

12.   According to the claimants, as a direct and proximate result of the above alleged negligence, Bustillos sustained grievous and serious personal injuries and damages, including disabling injuries, and his wife Beltran suffered grief and sorrow, loss of companionship, society, comfort and consortium, and loss of income and support. The claimants sought general damages, special damages for Bustillos' medical and miscellaneous expenses, plus future medical and miscellaneous expenses, special damages for lost wages and/or diminution in Bustillos' earning capacity, plus possible future loss of earnings and/or diminution in earning capacity, special damages for Beltran for her own grief and sorrow, loss of companionship, society, comfort and consortium, loss of income and support, and attorneys' fees.

13.   Colorado Casualty retained counsel to defend Ingram and All Temp in the Bustillos action. In July 2009, Colony received notice of the claimants' lawsuit and notice that their counsel had made a demand over the $1,000,000 limit of the Colorado Casualty policy. The same month, the insured's defense attorney indicated that Bustillos' medical bills were over $300,000 and that the case would easily exceed the $1 million in auto coverage.

14.     On August 19, 2009, Colony demanded that Colorado Casualty immediately resolve the claim within its policy limits to provide documentation regarding the basis for the failure to execute settlement within those limits.

15.     On September 24, 2009, the claimants served Ingram and All Temp with an Offer of Judgment, pursuant to Rule 68 of the Nevada Rules of Civil Procedure and Nevada Revised Statutes §17.115, in the amount of $999,999.99, including claimants' costs accrued to date. The Offer was to expire on October 9, 2009. Acceptance of the offer would have resulted in a release of all named Defendants.

16.     On October 8, 2009, claimants' counsel sent a letter to defense counsel asserting that any claimed delay in getting information was the fault of Colorado Casualty, since no one advised claimants' counsel of problems in that regard and, in any event, defense counsel had knowledge of Bustillos' surgeries and medical condition. Claimants' counsel further advised that the information in question had been available to Colorado Casualty since before the matter was in litigation. Claimants' counsel further advised that the case was worth in excess of policy limits due to medical bills alone, which were by then in excess of $350,000, based upon his review of jury verdicts in similar cases in that venue that ranged from $1,800,000 to $4,000,000. Nevertheless, Colorado Casualty failed to accept the offer to settle the case within the limits of its policy.

17.     On May 19, 2010, Plaintiffs filed a Second Amended Complaint which included additional negligence claims against Ingram and All Temp. Colorado Casualty continued its refusal to defend Hodges.

18.     On January 31, 2011, claimants' counsel sent a settlement demand to defendants for $1,950,000 pursuant to Nevada Revised Statutes §48.105 to expire on February 14, 2011 (extended later to February 22, 2011). In the demand, the claimants stated that Colorado Casualty's limits were "open" for its failure to accept the September 24, 2009 Offer of Judgment of $999,999.99 because the claimants' medical expenses exceeded $400,000 at that time. The claimants indicated that the special damages alone totaled over $2.7 million. Claimants also contended that Colorado Casualty committed bad faith and violated the Nevada Unfair Claims Settlement Practices Act by failing to accept the September 2009 Offer of Judgment.

19.     Defense counsel recommended that the claimants' offer be accepted and he estimated that the claimants' special damages, which did not include pain and suffering or loss of consortium, were between $2,259,474 and $2,624,661.

20.     In a letter dated February 17, 2011, counsel for Colony demanded that Colorado Casualty pay the entire settlement demand of $1,950,000 due to its failure to settle within policy limits when it had the opportunity to do so, which had now resulted, unnecessarily and wrongfully, in exposing Colony to the claim.

21.     Colony directed Colorado Casualty to other specific facts which Colorado Casualty became aware of in November 2009, and thereafter which created or furthered a duty or obligation on Colorado Casualty's part, on multiple occasions, to make a settlement offer within policy limits after receiving the information. However, despite such knowledge, Colorado Casualty failed to make any offers to settle. Among other things, Colorado Casualty knew or should have known that, in March 2009, September 2009, October 2009, November 2009, February 2010, and June 2010, its insureds faced exposure in excess of the $1,000,000 policy limit requiring it to accept the policy limit demand or to offer its policy limit to resolve the case.

22.     In its February 17, 2011 letter, Colony advised that should Colorado Casualty refuse to accept the claimants' offer of $1,950,000 to settle the case and pay the entire amount, Colony reserved its right to seek recovery from Colorado Casualty of all sums it must pay to resolve the case. However, Colorado Casualty agreed only to contribute its limits of $1,000,000 toward settlement of the Bustillos action. Based upon the facts and law relating to the issues of liability and damages in the Bustillos action, the recommendations of defense counsel, and other facts, Colony had no choice but to contribute the remaining $950,000 in order to resolve the case while reserving its rights to seek reimbursement of those sums from Colorado Casualty.

23.     Colony is obligated to pay its attorneys a reasonable fee in prosecuting the instant action and in representing it in relation to any amounts Colony has incurred or paid with respect to the Bustillos' settlement.

//
//

# FIRST CAUSE OF ACTION

## EQUITABLE SUBROGATION/REIMBURSEMENT

24. Colony realleges herein paragraphs 1 through 23 above.

25. Colorado Casualty was an insurer, providing insurance coverage to its insured All Temp.

26. On information and belief, Plaintiff alleges that all relevant times, Colorado Casualty had a duty to its insured, as well as to Plaintiff, to comply with the implied covenant of good faith and fair dealing, which is implied under all contracts.

27. Defendant Colorado Casualty had certain duties and obligations to attempt to resolve or resolve claimants' claims against its insureds.

28. The common law imposed certain duties and obligations on Colorado Casualty with respect to attempting to resolve or actually resolving the claimants' claims or action against its insureds. Colorado Casualty's duties and obligations included, but were not limited to, the following: giving the interests of its insureds at least as much consideration as it gave its own interests; and acting as a prudent insurer in accepting offers to settle without considering policy limits. Colorado Casualty failed to fulfill the above duties and obligations. In fact, its conduct was especially wrongful and in bad faith considering, among other things, the probability of the insureds' liability; its lack of diligence in investigating the claims; the extent of damages recoverable in excess of policy coverage; the rejection of or failure to make offers to settle within the policy limits of the Colorado Casualty policy; the extent of the insureds' exposure as compared to that of the insurer; and failure to provide the insureds or Colony with all information relating to the Bustillos' claims, action and settlement negotiations.

29. In addition, Nev. Rev. Stat. Ann. § 686A.310 imposed certain duties and obligations on Colorado Casualty with respect to attempting to resolve or actually resolving the claimants' claims or action against its insureds. Among other things, § 686A.310(5) provides that an insurer who fails to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear commits unfair practices. Based upon its activities discussed above,

Colorado violated the provisions of Nev. Rev. Stat. Ann. § 686A.310, including subparagraph (5) of that statute, thereby committing unfair practices.

30. The above common law and statutory duties and obligations that Colorado Casualty owed to the insureds were equally owed by Colorado Casualty to Colony as the excess carrier. That is, a primary carrier, such as Colorado Casualty, owes a duty of good faith to the excess carrier, such as Colony, which duty is identical to that owed to its insured. As noted above, Colorado Casualty failed to fulfill its common law and statutory duties and obligations with respect to attempting to resolve or actually resolving the claimants' claims or action against its insureds. Those duties and obligations on the part of Colorado Casualty were likewise owed to Colony, and Colorado Casualty failed to fulfill them.

31. An excess insurer such as Colony is permitted to bring an action for equitable subrogation against a primary carrier, like Colorado Casualty, as a result of the primary carrier's failure to settle within the primary policy limits. Equitable subrogation is particularly appropriate in this case because, among other things, Colony contributed to the settlement of the Bustillos action to protect its own interest and that of its insureds; Colony did not act as a volunteer; Colony was not primarily liable for the debt paid; Colony's contribution was absolutely necessary to effectuate the settlement; Colony demanded that Colorado Casualty pay the entire settlement of the Bustillos action in fulfillment of Colorado Casualty's duties and obligations owed to the insureds. Colorado Casualty refused and Colony advised Colorado Casualty that it was reserving its right to and would seek reimbursement from Colorado Casualty should the latter fail to pay the entire Bustillos settlement. Subrogation would not work any injustice to any other parties. In equity and good conscience, and for the reasons mentioned previously, Colorado Casualty should have paid the entire amount of the settlement of the Bustillos action rather than only a portion. Moreover, if this action for equitable subrogation were not permitted, Colorado Casualty would receive an unearned windfall at the expense of Colony.

32. Colorado Casualty had numerous opportunities to resolve the Bustillos action within the limits of its policy and to thereby protect the interests of its insureds, but failed to take advantage of any of those opportunities. Colony, as the excess insurer, had not choice but to step in and

contribute to the settlement of the Bustillos action to protect its interests and those of the mutual insureds. Colony is entitled to, among other things, reimbursement of all amounts paid or incurred in relation to the resolution of the Bustillos action based upon Colorado Casualty's improper, wrongful and bad faith conduct.

WHEREFORE, Plaintiff Colony Insurance Company prays for entry of a judgment in its favor and against Colorado Casualty Insurance Company, awarding Colony all amounts that it has paid and incurred in relation to the resolution of the Bustillos action; interest on those amounts; the costs of this action; its attorneys' fees; and such other or further relief as this Court deems appropriate.

## SECOND CAUSE OF ACTION
## CONTRACTUAL SUBROGATION/REIMBURSEMENT

33. Colony realleges herein paragraphs 1 through 32 above. The count is pled in the alternative to Count I.

34. The Colony policy contains a subrogation provision, which provides:

> 9. Transfer Of Rights Of Recovery Against Others To Us
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

35. Based upon the above policy provision, and other applicable facts and law, Colony is entitled to, among other things, reimbursement of all amounts paid or incurred in relation to the resolution of the Bustillos action based upon Colorado Casualty's improper, wrongful and bad faith conduct.

//
//
//
//

WHEREFORE, Plaintiff Colony Insurance Company prays for entry of a judgment in its favor and against Colorado Casualty Insurance Company, awarding Colony all amounts that it has paid and incurred in relation to the resolution of the Bustillos action; interest on those amounts; the costs of this action; its attorneys' fees; and such other or further relief as this Court deems appropriate.

DATED this ___ day of October, 2012.

STEPHENSON & DICKINSON, P.C.

By: /s/ Marsha Stephens
Marsha L. Stephenson, Esq.
Nevada Bar No. 6130
2820 West Charleston Blvd., Suite 19
Las Vegas, Nevada 89102
(702) 474-7229
Attorneys for Plaintiff
COLONY INSURANCE COMPANY