IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV  89101
Phone: (702) 853-5500
Fax:  (702) 853-5599

GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
GIBSON, DUNN &CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
Phone: (303) 298-5739
Fax: (303) 313-2829

Attorneys for Defendant,
COLORADO CASUALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLONY INSURANCE COMPANY, | CASE NO. 2:12-cv-1727 |
| Plaintiff, | |
| vs. | **STIPULATION AND PROTECTIVE ORDER** |
| COLORADO CASUALTY INSURANCE COMPANY; DOES 1-10, and ROE CORPORATIONS 1-10, inclusive. | |
| Defendants. | |

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate to the following Protective Order:

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed to be confidential, and ensure that protection is afforded only to material so designated, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), hereby **ORDERED** that this Protective Order shall govern the disclosure, handling and disposition of documents and information in this litigation as follows:

190723-2

1. **Application**.

    1.1   This Protective Order shall govern any document, information or other material produced in discovery in this case that contains confidential or private information which was produced or created in connection with the underlying lawsuit that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity [hereinafter referred to as the "producing party"], whether in response to a discovery request, subpoena or otherwise, to any other person or entity [hereinafter referred to as the "receiving party"], regardless of whether the person or entity producing or receiving such information is a party to this litigation.

2. **Definitions**.

    2.1   Confidential Information. "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, security and surveillance policies, practices and procedures, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential information" may be contained in the following documents: manuals, contracts, correspondence (electronic or otherwise), blueprints, specifications, drawings, security records, security reports, security shift information and staffing levels, security patrols, security policies and procedures, locations of surveillance and security cameras, documents regarding surveillance and security camera capabilities, production documents, analytical reports, certification-related documents, meeting minutes, meeting notices, presentation documents, and other documents. "Confidential information" also includes privileged communications between defense counsel hired to defend the insured in the underlying personal injury lawsuit and the two insurance companies that are parties to this case

1 (Colony and Colorado Casualty). In allowing this confidential designation for privileged communications, the parties are seeking to preserve, and not waive, the privilege applicable to such communications because both insurance companies were entitled to see such privileged communications.

2.2 Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3. **Initial Designation**.

3.1 Good Faith Claims. Claims of confidentiality will be made only with respect to documents; other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Protective Order. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

3.2 Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall state that the material is being produced under this Protective Order by describing the documents or materials to be treated as confidential in writing, by page or bates number wherever possible, and/or shall produce copies bearing a label that contains or includes language substantially identical to the following:

**CONFIDENTIAL**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential

Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

      3.3    Interrogatory Answers. If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.2. Such answers should make reference to the separately-produced document containing the answer, but such document should not be attached to the response.

      3.4    Inspection of Documents. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information needs to be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information in accordance with subparagraph 3.2 at the time the copies are produced.

      3.5    Deposition Transcripts. Within twenty-one (21) days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information. Until such time has elapsed, deposition transcripts in their entirety are to be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark it appropriately.

190723-2

1 The court reporter shall comply with and be bound by this Order. In the event that the party
2 furnishing deposition testimony designates portions or all of that testimony as Confidential
3 Information, the court reporter shall separately transcribe and submit under seal, to counsel for
4 the parties, transcriptions of the testimony so designated. Confidential transcripts of deposition
5 testimony shall be treated the same and afforded the same protections as other documents and
6 materials designated as Confidential Information under this Order.

7       3.6    Multi-page Documents. A party may designate all pages of an integrated,
8 multi-page document, including a deposition transcript and interrogatory answers, as
9 Confidential Information by placing the label specified in subparagraph 3.2 on the first page of
10 the document or on each page of the document. If a party wishes to designate only certain
11 portions of an integrated, multi-page document as Confidential Information, it should designate
12 such portions immediately below the label on the first page of the document and place the label
13 specified in subparagraph 3.2 on each page of the document containing Confidential
14 Information.

15     4.    **Designations by Another Party**.

16       4.1    Notification of Designation. If a party other than the producing party
17 believes that a producing party has produced a document that contains or constitutes
18 Confidential Information of the non-producing party, the non-producing party may designate
19 the document as Confidential Information by so notifying all parties in writing within fourteen
20 (14) days of service of the document.

21       4.2    Return of Documents; Non-disclosure. Whenever a party other than the
22 producing party designates a document produced by a producing party as Confidential
23 Information in accordance with subparagraph 4.1, each party receiving the document shall
24 either add the Confidential Information designation in accordance with subparagraph 3.2 or
25 substitute a copy of the document bearing such designation for each copy of the document
26 produced by the producing party. Each party shall destroy all undesignated copies of the
27 document or return those copies to the producing party, at the direction of the producing party.
28 No party shall disclose a produced document to any person, other than the persons authorized to

1  receive Confidential Information under subparagraph 7.1, until after the expiration of the
2  fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14)
3  day designation period a party discloses a produced document to a person authorized to receive
4  Confidential Information under subparagraph 7.1, and that document is subsequently designated
5  as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall
6  cause all copies of the document to be destroyed or returned to the producing party, at the
7  direction of the producing party. The party may thereafter disclose a copy of the document that
8  has been marked as Confidential Information by the designating party, in accordance with
9  subparagraphs 3.2 and 7.1.

10      5.     **Objections to Designations**. Any party objecting to a designation of
11 Confidential Information, including objections to portions of designations of multi-page
12 documents, shall notify the designating party and all other parties of the objection in writing up
13 to and through 70 days before trial of the matter.  This notice must specifically identify each
14 document that the objecting party in good faith believes should not be designated as
15 Confidential Information and provide a brief statement of the grounds for such belief.  In
16 accordance with the Federal Rules of Civil Procedure governing discovery disputes, the
17 objecting and the designating parties thereafter shall confer within ten (10) days after the date of
18 such objection in an attempt to resolve their differences. If the parties are unable to resolve their
19 differences, the objecting party shall have twenty one (21) days after the conference concludes
20 to file with the Court a motion to remove the Confidential Information. Where a party authored,
21 created, owns, or controls a document, information or other material that another party
22 designates as Confidential Information, the party that authored, created, owns, or controls the
23 Confidential Information may so inform the objecting party and thereafter shall also be
24 considered a designating party for purposes of this paragraph.

25      All documents, information and other materials initially designated as Confidential
26 Information shall be treated as such in accordance with this Protective Order unless and until the
27 Court rules otherwise, except for deposition transcripts and exhibits initially considered as
28 containing Confidential Information under subparagraph 3.5, which will lose their confidential

status after twenty-one (21) days unless so designated as Confidential Information. If the Court rules that a designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the designation described in subparagraph 3.2.

If an objecting party elects not to make such a motion with respect to documents within twenty one (21) days after the conference, information or other materials to which an objection has been made, the objection shall be deemed withdrawn. The designating party shall have twenty one (21) days to respond to the objecting party's motion. If no response is filed by the designating party within twenty one (21) days, the designating party shall be deemed to have consented to the objecting party's motion pursuant to LR 7-2(d).

6. **Custody**. All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. **Handling Prior to Trial**.

    7.1   Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Experts and their staff who are retained by counsel as expert witnesses for a party in this litigation;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties to this litigation, limited to the named party and, if that party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

f. Designated in-house counsel and a limited number of assistants, administrative or otherwise;

190723-2

g.  Outside vendors employed by counsel for copying, scanning and general handling of documents;

h.  Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

i.  This Court and this Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

Confidential Information may not be disclosed to persons under subparagraphs (c) or (d) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto as Exhibit A, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what documents have been disclosed, and shall furnish the written acknowledgments and disclosure list to opposing counsel as follows: (i) for a person under subparagraph (c), within thirty (30) days after the person signs the Declaration; and (ii) for a person under subparagraph (d), within thirty (30) days after the matter is finally concluded.  A party who discloses Confidential Information in accordance with subparagraph 7.1 shall also furnish the written acknowledgements and disclosures list to the Court for in camera review upon its request or order.  Furnishing the written acknowledgments and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege. Disclosure of Confidential Information to this Court, including judicial staff, shall be made in accordance with subparagraph 7.4 of this Protective Order.

7.2  Unauthorized Disclosures.  All persons receiving Confidential Information under the terms of this Protective Order are under the jurisdiction of the state courts

and U.S. federal courts located in Nevada for all matters arising from the improper disclosure or use of such information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain and return the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

       7.3    Court Filings. In the event any Confidential Information must be filed with the Court prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure and the requirements set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In accordance with these rules and requirements, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

       8.    **Care in Storage**. Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

       9.    **Handling During Trial**. Confidential Information that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

       10.    **No Implied Waivers**. This Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of

this Protective Order. The taking of any action in accordance with the provisions of this Protective Order shall not be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. **No Admission**. The designation of any item as Confidential Information shall not be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Inadvertent Disclosure**. Nothing in this Protective Order abridges applicable law concerning inadvertent disclosure of a document that the Disclosing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. In the event a party inadvertently discloses documents or information subject to a claim of privilege or work product protection, such disclosure will not waive otherwise applicable claims of privilege or work product protection under applicable law. Upon discovery by the Receiving Party, or receipt of written notice from the Disclosing Party identifying privileged or protected Documents that the Disclosing Party contends were inadvertently produced, the Receiving Party shall immediately cease any further review or use of the allegedly privileged documents at issue and within seven (7) business days either: (a) return or certify the destruction of all such documents, all copies, and any work product or portions of any work product containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and (without further review of the documents) tender the subject documents for in camera review with the motion. The moving party shall do nothing to compromise the privilege claim until the Court rules on said motion and the opportunity for appellate review is exhausted or the issue is otherwise resolved.

13. **Parties' Own Documents**. This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

Page 10 of 14

190723-2

14. **Motion to Compel Production of Confidential Information**. If any third party subpoenas Confidential Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information covered by this Protective Order, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally produced and/or designated such information. Nothing in this Protective Order shall be construed as requiring the party who is ordered to produce such Confidential Information to challenge or appeal any order requiring the production of such information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

15. **No Effect on Other Rights**. This Protective Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. **Modification**. In the event any party hereto seeks a Court order to modify the terms of this Protective Order, or seeks a protective order which incorporates the terms and conditions of this Protective Order said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

17. **Handling Upon Conclusion of Litigation**. All parties, counsel, and persons to whom disclosure was made agree to return all Confidential Information to the designating party within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review. In addition, counsel shall certify in writing that all such Confidential Information has been returned. Counsel for

each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party in possession of such information may elect to destroy it. If the person or party in possession of Confidential Information elects to destroy it rather than return it, that person or party must notify the designating party in writing of the destruction of the information within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review.

18. **Survival of the Terms of this Protective Order**. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party otherwise in writing or a court order otherwise directs.

RESPECTFULLY SUBMITTED this 23rd day of May, 2013.

DATED this 23rd day of May, 2013.

STEPHENSON & DICKINSON, P.C.

By: /s/ Marsha L. Stephenson
MARSHA L. STEPHENSON, ESQ.
Nevada Bar No. 6130
2820 West Charleston Boulevard, # 19
Las Vegas, NV 89102
Attorneys for Plaintiff,
COLONY INSURANCE COMPANY

DATED this 23rd day of May, 2013.

KOELLER, NEBEKER, CARLSON & HALUCK, LLP

By: /s/ Ian P. Gillan
IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Attorneys for Defendant,
COLORADO CASUALTY INSURANCE COMPANY

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Gregory J. Kerwin
GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
1801 California Street, Suite 4200
Denver, Colorado 80202
Attorneys for Defendant,
COLORADO CASUALTY INSURANCE COMPANY

190723-2

**ORDER**

IT IS SO ORDERED.

Dated: May 24 _____, 2013.

_____
U.S. MAGISTRATE JUDGE

# EXHIBIT A

## DECLARATION RE: PROTECTIVE ORDER

I, _____, hereby declare

1. I have reviewed the Stipulation and Protective Order ("Order") entered in - _____ and am familiar with its contents.

2. As a condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree to be bound by the terms and conditions of the Order, and I promise to comply with the Order.

3. As a further condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree (i) not to disclose to anyone any documents, materials or information marked "Confidential;" and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me.

4. As a further condition to being permitted access to material determined to be "Confidential" in the above-captioned matter, I agree on behalf of myself and, to the extent applicable, my employer and/or employees, to submit to personal jurisdiction before the above-entitled Court for purposes of any dispute arising from the Order, including its enforcement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, at _____.
            [Date]              [City/State]

Signature: _____

Printed Name: _____

190723-2