IAN P. GILLAN, ESQ.
Nevada Bar No. 9034
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV  89101
Phone:  (702) 853-5500
Fax:   (702) 853-5599

GREGORY J. KERWIN, ESQ.
Nevada Bar No. 12417
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
Phone: (303) 298-5739
Fax: (303) 313-2829

Attorneys for Defendant,
COLORADO CASUALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLONY INSURANCE COMPANY, | CASE NO. 2:12-cv-1727-~~MMD-VCF~~ APG-NJK |
| Plaintiff, | **STIPULATED MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS ATTACHED TO SUMMARY JUDGMENT BRIEFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| COLORADO CASUALTY INSURANCE COMPANY; DOES 1-10, and ROE CORPORATIONS 1-10, inclusive. | |
| | AND ORDER |
| Defendants. | |

**MOTION**

**COME NOW**, Plaintiff, Colony Insurance Company ("Colony") and Defendant, Colorado Casualty Insurance Company ("Colorado Casualty"), and hereby join in moving under LR 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), for leave to file under seal certain exhibits attached to their summary judgment briefs [motions/opening briefs, response briefs, and reply briefs].

225155-2

This case involves a dispute between two insurance carriers concerning the settlement and final resolution of the underlying matter, *Bustillos v. All Temp* (the "Bustillos Lawsuit"). In order to have this Court decide the merits of that dispute on cross motions for summary judgment, the Court needs to be able to review some of the privileged communications concerning the Bustillos Lawsuit between the insured (All Temp) and its defense counsel, which were shared with Colorado Casualty and Colony. In addition, there are communications among All Temp, Colorado Casualty and Colony which discuss the substance of those privileged communications with defense counsel. And in the deposition testimony taken in this case, those privileged communications were discussed.

The client that holds the privilege for those communications, All Temp, has not consented to Colony or Colorado Casualty waiving the privilege that applies to the evidence about such communications. As explained below, the Protective Order this Court entered on May 24, 2013 (Dkt. 17) contemplated that such privileged documents could be used as evidence in this case and protected as confidential.

Therefore, the parties hereby move for leave to file certain exhibits [as indicated below] to their summary judgment briefs [motions/opening briefs, response briefs, and reply briefs] under seal. As explained below, the parties meet the high standard under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006), and this Court's precedents for filing exhibits to dispositive motions under seal. There is no way to maintain the applicable privilege, while allowing the Court to review evidence about privileged communications, unless they are filed under seal.

WHEREFORE, Colony and Colorado Casualty respectfully request this Court grant them leave to file the below indicated exhibits to their summary judgment briefs [motions/opening briefs, response briefs, and reply briefs], under seal.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

In support of this Motion, the parties state as follows:

225155-2

1. The parties are filing cross motions for summary judgment. They request leave to file under seal certain exhibits to their summary judgment briefs to prevent any privilege waiver from occurring.

2. As noted above, many of the documents produced, and much of the deposition testimony obtained, in this case related to legal advice provided by All Temp's defense counsel in the Bustillos Lawsuit. The insurers were authorized to receive such privileged information without that disclosure creating a waiver of the attorney-client privilege or work product doctrine. *See*, *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 152 P.3d 737, 742 (Nev. 2007).

3. All Temp holds the privilege for communications with its defense counsel about the defense of the Bustillos Lawsuit. All Temp has not consented to Colony or Colorado Casualty waiving the privilege that applies to the evidence about such communications while addressing the merits of the current dispute.

4. At an early stage of discovery, the Court approved a protective order (Dkt. 17) that recognized the existence of such privileged communications that are relevant to the merits of this dispute, and authorized the parties to designate as confidential under the protective order such privileged communications. Dkt. 17 at p. 2, ¶ 1.1 ("This Protective order shall govern (a) any document, information or other material produced in discovery in this case that contains confidential or private information which was produced or created in connection with the underlying [Bustillos] lawsuit . . ."); ¶ 2.1 (Confidential Information "includes privileged communications between defense counsel hired to defend the insured in the underlying personal injury lawsuit and the two insurance companies that are parties to this case (Colony and Colorado Casualty.").

5. That protective order contemplated that such confidential documents would be filed with the Court under seal. Dkt. 17 at 9. Paragraph 7.3 concerning "Court Filings" provided:

"In the event any Confidential Information must be filed with the Court prior to trial, the proposed filing shall comply with the Federal Rules of Civil Procedure and the requirements set

forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In accordance with these rules and requirements, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information." *Id.*

6.  "For a document filed with a dispositive motion, 'compelling reasons' must be shown to justify sealing the document." *Colato v. LeGrand*, No. 3:10–cv–00470–RCJ–VPC, 2011 WL 2651571 at *1 (D. Nev. July 5, 2011).

7.  Compelling reasons exist for filing privileged documents under seal. *See, e.g., National Union Fire Ins. Co. v. Sharp Plumbing, Inc.*, No. 2:09-cv-00783-GMN-GWF (D. Nev. Feb. 13, 2013) (Navarro, J.) (granting unopposed motion to file privileged documents under seal that were filed in connection with a summary judgment motion); *Neumont Univ., LLC v. Little Bizzy, LLC*, No. 2:12-cv-01395-GMN-PAL (D. Nev. June 19, 2013) (Navarro, J.) (granting motion for leave to file privileged attorney billing records under seal as exhibit to motion for default judgment). The attorney-client privilege and work-product doctrine outweigh the public interest noted in *Kamakana* for accessing court records and constitute a compelling need. *See Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930 at *4, *5 (D. Nev. May 28, 2010) (McQuaid, J.) (court granted motion to seal documents protected by the attorney-client privilege and attorney work product doctrine: "The public interest in accessing the courts does not outweigh the compelling need to protect Defendant's proprietary information and the compelling need to honor the attorney-client privilege and the work-product doctrine"). *See also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("courts have consistently granted protective orders that prevent disclosure of many types of information, such as letters protected. under the attorney-client privilege . . . .").

8.  Colony's motion for summary judgment includes as exhibits the following privileged documents:

   a.   Deposition of Davy Ingram (February 10, 2014) (Exhibit 9)

225155-2

      b.      Deposition of Jack Angaran (January 28, 2014)  (Exhibit 26)

      c.      Colorado Casualty Claim File notes (Exhibit 4)

      d.      July 10, 2009 letter from Cory Eichelberger (Att. for insured) to Lauren Feldman (Claim Analyst for Colorado Casualty)  (Exhibit 20).

      e.      September 30, 2009 letter from Cory Eichelberger (Att. for insured) to Lauren Feldman. (Exhibit 21)

      f.      November 10, 2009 letter from Brian Gonsalves (Angaran and Associates) to Lauren Feldman. (Exhibit 25)

      g.      February 8, 2010 letter from Brian Gonsalves (Angaran and Associates) to Lauren Feldman. (Exhibit 27)

      h.      June 29, 2010 letter from Greg Newman (Counsel for Colony Insurance) to Lauren Feldman. (Exhibit 28)

      i.      February 3, 2011 letter from Jack Angaran to Lauren Feldman (Exhibit 30)

9. Colorado Casualty's motion for summary includes as exhibits following privileged documents:

      a.      Deposition of Davy Ingram (Feb. 10, 2014).

      b.      Deposition of Jack Angaran (January 28, 2014).

      c.      January 6, 2011 Angaran letter (marked Newman Depo. Exh. 7) [also part of Angaran Depo. Exh. 15.

      d.      February 3, 2011 Angaran letter (marked Newman Depo. Exh. 8) [also part of Angaran Depo. Exh. 15.

      e.      Declaration of Gregory J. Kerwin concerning privileged summary judgment exhibits:

      f.      September 30, 2009 Email from Cory Eichelberger (All Temp defense counsel) to Lauren Feldman of Colorado Casualty (COL3116-CO3117).

      g.      October 8, 2009 Email from Lauren Feldman of Colorado Casualty to Cory Eichelberger (All Temp defense counsel) (COL3107).

     h.     February 22, 2011 letter from Jack Angaran (defense counsel for All Temp) to Bradley Myers (counsel for Bustillos) (Sanders Depo. Exh. 30 (COL0763).

     i.     Feb. 22, 2011 letter from Gregory Newman (Colony's counsel) to Dave Ingram of All Temp (Sanders Depo. Exh. 28) (COL0764).

     j.     April 29, 2011 and June 17, 2011 Angaran letters to Colorado Casualty, Colony, and All Temp with attached settlement documents (COL0605-COL0613; COL0644-COL0657) [also part of Angaran Depo. Exh. 15.

10.    Therefore, the parties respectfully request this Court grant this joint motion and allow the indicated exhibits to their summary judgment briefs [motions/opening briefs, response briefs, and reply briefs], to be filed under seal.

11.    Given the potential future necessity for additional confidential and/or privileged information and/or documentation to be appended and/or discussed within the parties summary judgment briefs [motions/opening briefs, response briefs, and reply briefs], the parties reserve any and all rights to seek further leave of this Court to file same under seal.

WHEREFORE, the parties respectfully request this Court enter an order granting them leave to file under seal the exhibits to their summary judgment briefs (motions/opening briefs, response briefs, and reply briefs) indicated herein.

DATED this 12th day of March, 2014.       DATED this 12th day of March, 2014.

By: *s/ Marsha L. Stephenson*  
    MARSHA L. STEPHENSON, ESQ.  
    STEPHENSON & DICKINSON, P.C.  
    Nevada Bar No. 6130  
    2820 West Charleston Boulevard, # 19  
    Las Vegas, NV 89102  

LARRY GRAMOVOT, ESQ.  
GRAMOVOT & TAKACS, PL  
Admitted Pro Hac Vice  

Attorneys for Plaintiff,

By: *s/ Ian P. Gillan*  
    IAN P. GILLAN, ESQ.  
    KOELLER, NEBEKER, CARLSON & HALUCK, LLP  
    Nevada Bar No. 9034  
    300 South Fourth Street, Suite 500  
    Las Vegas, NV 89101  

GREGORY J. KERWIN, ESQ.  
GIBSON, DUNN & CRUTCHER LLP  
Nevada Bar No. 12417  
1801 California Street, Suite 4200

225155-2

| | |
|---|---|
| COLONY INSURANCE COMPANY | Denver, CO  80202 |
| | Attorneys for Defendant,<br>COLORADO CASUALTY<br> INSURANCE COMPANY |

**ORDER**

  IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED: March 13, 2014

Respectfully Submitted by,

  KOELLER NEBEKER CARLSON
   & HALUCK, LLP

By:   *s/ Ian P. Gillan*
  IAN P. GILLAN, ESQ.
  Nevada Bar No. 9034
  300 South Fourth Street, Suite 500
  Las Vegas, NV  89101
  Attorneys for Defendant,
  COLORADO CASUALTY
  INSURANCE COMPANY

225155-2