1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   COLONY INSURANCE COMPANY,                )     Case No. 2:12-cv-01727-APG-NJK
                                              )
11              Plaintiff(s),                 )     ORDER
                                              )
12   vs.                                      )     (Docket No. 34)
                                              )
13   COLORADO CASUALTY INSURANCE              )
     COMPANY,                                 )
14                                            )
                Defendant(s).                 )
15   _____       )

16          Pending before the Court is Defendant's motion to strike Plaintiff's supplemental expert report.

17   Docket No. 34.  Plaintiff filed a response in opposition and Defendant filed a reply.  Docket Nos. 43,

18   46.  The Court finds this matter appropriately resolved without oral argument.  *See* Local Rule 78-2.

19   For the reasons discussed below, the motion to strike is hereby **DENIED**.

20          Plaintiff timely disclosed the initial expert report of Paul Burkett on October 11, 2013.  *See*

21   Docket No. 43 at 2.  On or about November 9, 2013, Defendant produced supplemental discovery in

22   response to written discovery requests.  *See id.*  On or about January 14, 2014, Defendant produced

23   additional documentation in relation to the deposition of Lauren Feldman. *See id.* On February 7, 2014,

24   Plaintiff served a supplemental report by Mr. Burkett, relying on the materials produced in November

25
26
27
28

1    2013 and January 2014. *See* Docket No. 34-3.[1]  The discovery period concluded on February 10, 2014.

2    *See* Docket No. 31.

3        Now pending before the Court is Defendant's motion to strike, arguing that the supplemental

4    expert report of Mr. Burkett was untimely.  In particular, Defendant argues that the supplementation was

5    not provided by the initial or rebuttal expert deadline. *See* Docket No. 34 at 5-6.[2]  Defendant further

6    argues that it will be prejudiced by not striking the expert report because it did not have an opportunity

7    to respond with a rebuttal expert report. *See id.* at 6.

8        With regard to expert reports, "the party's duty to supplement extends to both information

9    included in the report and to information given during the expert's deposition."  Rule 26(e)(2).[3]

10   "However, an expert's duty to supplement under Rule 26(e) is not a right to supplement at will."

11   *Allstate Insurance Co. v. Balle*, 2013 U.S. Dist. Lexis 154244, *7 (D. Nev. Oct. 28, 2013).

12         A party may not use a supplemental report to disclose information that should have been
     disclosed in the initial expert report, thereby circumventing the requirement for a timely and

13   complete expert witness report.  Rather, supplementation under the Rule means correcting
     inaccuracies, or filling the interstices of an incomplete report based on information that was not

14   available at the time of the initial disclosure.

15   *Id.* (internal citations, quotations and alterations omitted).

16       "The time for supplementation is not limited to the discovery period." *Burger v. Excel*

17   *Contractors, Inc.*, 2013 WL 5781724, *3 (D. Nev. Oct. 25, 2013).  Rule 26(e)(2) requires

18   supplementation of expert reports to occur "by the time the party's pretrial disclosures under Rule

19   26(a)(3) are due," which is 30 days before trial unless otherwise ordered by the Court. *See Abila v.*

20   *United States*, 2011 U.S. Dist. Lexis. 42944, *4 (D. Nev. Apr. 14, 2011).  Generally speaking,

21

22       [1] Defendant's motion is sparse, containing no case law citations and an argument section of less than
     two pages. *See* Docket No. 34 at 5-7.  The motion asserts that the supplemental report is improperly based

23   on information produced in November 2013 and January 2014. *See id.* at 6.  For the first time in reply,
     Defendant asserts that the supplemental report relies on documents produced by Plaintiff in March 2013.

24   *See* Docket No. 46 at 6.  Because Defendant raised this latter argument for the first time in its reply brief,

25   the Court will not consider it. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (*per curiam*).

26       [2] Defendant acknowledges that supplementation based only on the information produced in January

27   2014 would be proper. *See* Docket No. 46 at 9 n.2.

28       [3] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1   supplementation of an expert report is proper where it is based on new information obtained after the

2   expert disclosure deadline and the supplemental report was served before the time for pretrial

3   disclosures. *Allstate Ins. Co. v. Balle*, 2014 U.S. Dist. Lexis 5729, *16-17 (D. Nev. Jan. 16, 2014);

4   *Abila*, 2011 U.S. Dist. Lexis 42944, at *4-5; *see also Dowling v. Arpaio*, 2011 WL 5592909, *1-2 (D.

5   Ariz. Nov. 17, 2011); *Perez v. First American Title Ins. Co.*, 810 F. Supp. 2d 986, 989 (D. Ariz. 2011);

6   *United States v. 14.3 Acres of Land*, 2008 WL 4079272, *6, 9 (S.D. Cal. Aug. 29, 2008).[4]

7       As an initial matter, Defendant points to a stipulation in which the parties asserted that the

8   "deadlines for disclosure of experts and expert reports have expired" and did not seek a corresponding

9   extension. *See* Docket No. 34 at 4 (quoting Docket No. 30). The stipulation further stated that "the

10   parties have completed the disclosures noted above." *Id.* The Court does not read the stipulation as an

11   agreement that there would be no supplemental expert reports. Indeed, as noted above, Rule 26(e)(2)

12   provides that the deadline for supplementing expert reports is the time for Rule 26(a)(3) pretrial

13   disclosures, which had not run at the time of the stipulation. Accordingly, the Court does not construe

14   the stipulation as rendering Mr. Burkett's supplemental expert report untimely.

15       The Court finds Plaintiff's supplementation of Mr. Burkett's report to be timely. The

16   supplemental report is based on discovery obtained after the deadline for Plaintiff's initial expert

17   disclosures, and was provided prior to the deadline for the Rule 26(a)(3) pretrial disclosures. Moreover,

18   the Court does not find the timing of the supplementation to have been in bad faith or an attempt to

19   "sandbag" Defendant. In fairness to Defendant, however, the Court will allow it an opportunity to

20   respond with a rebuttal expert report. Such expert report shall be served within 30 days of this order and

21   must be limited to new opinions provided in Mr. Burkett's supplemental report.

22

23

24

25   ────────────────

26       [4] Supplementation must be provided "at appropriate intervals" upon learning new information. *See Burger*, 2013 WL 5781724, at *3 (quoting the 1993 Advisory Comm. Notes). To that end, the Court is

27   "mindful of the 'gaping loophole' which can result when parties abuse the liberal policy of Rule 26(e) with respect to the timing of supplemental reports." *14.3 Acres of Land*, 2008 WL 4079272, at *9. As noted

28   below, however, the Court does not find in this case that the rule is being abused.

1    For the reasons discussed above, the Court finds Mr. Burkett's supplemental expert report to be

2    timely.  Accordingly, Defendant's motion to strike is hereby **DENIED**.

3    IT IS SO ORDERED.

4    DATED: May 28, 2014

5

6    _____
     NANCY J. KOPPE

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4